EARLE BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. February 27, 1907.)

No. 4,313.

1. CUSTOMS DUTIES—CLASSIFICATION—BALATA—INDIA RUBBER.
    Crude balata is "india rubber, crude," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 579, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684].
2. SAME—"INDIA RUBBER"—COMMERCIAL DESIGNATION.
    The term "india rubber," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 579, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], has a commercial meaning that includes nearly a hundred varieties of inspissated vegetable gums, among them balata, which are used in the manufacture of what are commonly known as "rubber goods."
    [Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

On Application for Review of a Decision of the Board of United States General Appraisers.

Henry W. Rudd, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HOUGH, District Judge. The subject of this appeal is the gum or juice of the balata or "bully" tree. Its nature and dictionary definitions have been fully set forth in T. D. 23,599 and 26,751. The collector assessed duty upon this substance as a nonenumerated unmanufactured article under paragraph 6 of the tariff act of 1897 (Act July 24, 1897, c. 11, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627]), and his assessment has been affirmed.

The importers claim that it is entitled to free entry as "india rubber crude," under paragraph 579, § 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684]. It is abundantly shown by the treasury decisions cited, and indeed is not denied, that botanically the balata or "bully" tree is different in species, if not in genus, from that to the gum of which the term "india rubber" was first applied upwards of 130 years ago. But under the rule that in laws relating to the revenues words are to be taken in their commonly received and popular sense, or according to their commercial designation, if that differs' from the ordinary understanding of the word (United States v. Buffalo Gas Fuel Co., 172 U. S. 341, 19 Sup. Ct. 200, 43 L. Ed. 469), the importers contend that the trade and commerce of the United States did not know, nor was there indeed anywhere known at the time of the passage of the present tariff act, any one kind or variety of vegetable gum or juice identified or described or actually designated by the words "india rubber crude." It is further asserted that "india rubber" was in 1897, and still is, a term used to designate nearly an hundred varieties of "inspissated vegetable gums" capable of use and actually used in the manufacture of what are commonly known, and in 1897 were commonly known, as "rubber goods." This particular gum is, and long has been, used for making dress shields and machinery belting, both of which articles are commonly described as "rubber shields" and "rubber beltings."

In my opinion these contentions of the importers have been abundantly sustained by the testimony introduced in this court. I think it must be assumed that the framers of the tariff act knew that there was a great variety of gums generically and commercially described as "india rubber," and within that category balata is fairly included.

The decision of the Board of Appraisers is reversed.